# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00375-CV

**Travis Central Appraisal District, Judith A. Hargrove, and
Travis Appraisal Review Board, Appellants**

**v.**

**Texas Protax-Austin, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
## NO. D-1-GN-07-002675, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The facts and procedural history are well known to the parties involved in this dispute, and therefore, we need not exhaustively detail them here. Texas Protax-Austin, Inc. ("Protax") is a private company that acts as an agent for taxpayers in administrative appeals before the Travis Central Appraisal District (the "district") and before the Travis County Appraisal Review Board (the "board"). *See* Tex. Tax Code Ann. § 1.111 (West 2008) (allowing property owners to designate others to act as agents on their behalf). Judith Hargrove provides legal counsel to the district and the board.

Protax filed a declaratory judgment action seeking, among other things, declarations regarding allegedly improper ex parte communications engaged in by the board. In response, the district, the board, and Hargrove (cumulatively, the "review board") filed a plea to the jurisdiction,

contending that the district court did not have jurisdiction to issue any of the declarations sought by Protax. The district court granted the plea except as it related to Protax's ex parte communications claims and one additional claim that is not the subject of this appeal. The review board appealed the order of the district court to the extent that the order did not also dismiss Protax's ex parte communications claims.

On appeal, the review board contends that Protax does not have standing to seek the declarations. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304-05 (Tex. 2008) (explaining that for person to have standing to file suit, he must have been personally aggrieved and his "alleged injury must be concrete and particularized, actual or imminent, not hypothetical"); *see also Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (explaining that general test for standing requires that there be real controversy between parties and that controversy will actually be determined by judicial declaration sought). In response, Protax argues that it has standing for two separate reasons. First, it asserts that it has standing because it acts as an agent for various property owners contesting valuation determinations and may, therefore, seek the declarations on behalf of its clients. However, none of its clients joined the declaratory action, and the action was not filed on behalf of any property owners dissatisfied with the review process they were given.

Alternatively, Protax contends that because its business is acting as an agent for property owners, it has an independent right to participate in review board hearings that are free from improper ex parte communications. Accordingly, it contends that it has standing to seek the relief sought. We disagree. Protax is not a property owner, and as mentioned previously, Protax is not

seeking relief on behalf of any particular property owners or in reference to any specific property dispute. *Cf. Koll Bren Fund VI, LP v. Harris County Appraisal Dist.*, No. 01-07-00321-CV, 2008 Tex. App. LEXIS 1521, at *11-12 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.) (explaining that to seek judicial review of appraisal-review board determinations, person must either own property in dispute, be properly designated as agent by owner of property in dispute, or, in some circumstances, be lessee of property in dispute). Further, Protax's general status as agent and potential agent for property owners in disputes before the district and board cannot, without more, independently confer standing to seek declarations regarding the manner in which the disputes are handled. *See id.* (concluding that individuals other than owner, designated agent of owner, or lessee of specific property in dispute do not have standing because they have no legal right to enforce and because there is no real controversy at issue); *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (explaining that opinions issued in case brought by party without standing is advisory because judgment would not remedy actual or imminent harm).

For these reasons, we conclude that Protax does not have standing to seek its ex parte declarations and that the district court does not have jurisdiction to consider those declarations. Therefore, we reverse the order of the district court in part and render judgment granting the review board's plea to the jurisdiction with respect to Protax's ex parte communications claims.[1]

---

[1] Prior to oral argument, Protax filed a motion to dismiss this interlocutory appeal, challenging the authority of Hargrove to represent the board in this matter. We overrule that motion. *See* Tex. R. App. P. 33.1 (explaining that to preserve complaint for appellate review, record must show that complaint was made to trial court).

3

_____

David Puryear, Justice

Before Chief Justice Jones and Justices Puryear and Henson

Reversed and Rendered

Filed:   February 6, 2009